David L. Menzel
**KRAEMER BURNS, P.A.**
675 Morris Avenue
Springfield, New Jersey 07081
Telephone: 973-912-8700
Fax: 973-912-8602
dmenzel@kraemerburns.com
Attorneys for Plaintiff JPMorgan Chase Bank, N.A.

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

-----------------------------------------------------------------   x

JPMORGAN CHASE BANK, N.A.,                       :    Case No.

        Plaintiff,                             :

        against-                               :    VERIFIED COMPLAINT

RICHARD W. NEU; WARREN L. DEAN; AMY              :
NEU; RICHARD W. NEU ISSUE TRUST;
RICHARD W. NEU TRUST NO. 1; RICHARD W.           :
NEU TRUST NO. 2; EDEN WOOD REALTY,
LLC; NEU INVESTMENT CORP.; ALLENTOWN             :
COMMERCE PARK CORP.; RIVER PARK
BUSINESS CENTER INC.; RIVER PARK                 :
RESIDENTIAL CENTER LLC; RIVER PARK
TECHNOLOGY CENTER INC.; EDEN WOOD                :
PROPERTIES INC.; EDEN WOOD CORP.;
MATERIALS INTERNATIONAL TRADING                  :
CORPORATION; 27E65 CORPORATION;
NEU HOLDINGS U.S. CORPORATION;                   :
CROSSROADS BUSINESS CENTER, LLC; 143
SOUTH MAPELTON LLC; and RIVER PARK               :
BUSINESS CENTER LLC;

                                    :

        Defendants.

                                      :

-----------------------------------------------------------------   x

Plaintiff JPMorgan Chase Bank, N.A. ("Chase"), by its attorneys, Kraemer Burns,

P.A. and Levi Lubarsky Feigenbaum & Weiss LLP, for its verified complaint in interpleader

against the defendants, alleges as follows:

## NATURE OF THE ACTION

1.      This interpleader action relates to the sum of $14,463,392.72 on deposit at Chase in multiple accounts (the "Funds") to which each of the defendants possesses or may possess a claim, in whole or in part. The defendants' claims or potential claims are adverse and competing. Chase has no interest in the Funds and hereby disclaims any such interest, and is willing and able to pay the Funds, in their entirety, into the registry of the Clerk of the Court, or to the person or persons who are entitled to it or any part of it, as directed by the Court. Chase desires to avoid exposure to multiple claims, lawsuits or liability for the payment of the Funds and therefore has filed this complaint in interpleader to respectfully request that the Court: (i) determine the respective rights of the defendants to the Funds; (ii) restrain the defendants from instituting and prosecuting any other state or federal action affecting the Funds and require them to assert claims to the Funds in a single action before this Court; (iii) order Chase to pay the Funds into the registry of the Clerk of the Court pending adjudication of the defendants' claims to them; and (iv) upon Chase's payment of the Funds into the registry of the Clerk of the Court, discharge Chase from all liability to the defendants.

## THE PARTIES

2.      Plaintiff JPMorgan Chase Bank, N.A. ("Chase") is a national banking association with its main office located at 1111 Polaris Parkway, Columbus, Ohio 43240.

3.      Upon information and belief, defendant Richard W. Neu ("R. Neu") is a citizen of the State of California, with an address of 250 N. Canon Drive, Beverly Hills, California 90210.

4.      Upon information and belief, defendant Warren L. Dean ("Dean") is a

2

citizen of the State of Maryland, with an address care of Thompson Coburn LLP, 1909 K Street, N.W., Suite 600, Washington, D.C. 20006.

5.      Upon information and belief, defendant Amy Neu ("A. Neu") is a citizen of the State of New Jersey, residing at 210 Lake Road, Far Hills, New Jersey 07931.

6.      Upon information and belief, defendant Richard W. Neu Issue Trust is a trust created by Article Seventh of the Last Will and Testament of Hugo Neu, dated August 24, 1983 (the "Issue Trust"). Upon information and belief, defendant R. Neu is the trustee of the Issue Trust.

7.      Upon information and belief, defendant Richard W. Neu Trust No. 1 is a trust created by an Agreement of Trust, dated December 30, 1971 between Hugo Neu, as Grantor, and Donald Schapiro, as Trustee ("Trust No. 1"). Upon information and belief, defendants R. Neu and Dean are the trustees of Trust No. 1.

8.      Upon information and belief, defendant Richard W. Neu Trust No. 2 is a trust created by an Agreement of Trust, dated December 30, 1971 between Hugo Neu, as Grantor, and Richard W. Neu and Alfred D. Youngwood, as Trustees ("Trust No. 2," together with the Issue Trust and Trust No. 1, the "Neu Trusts"). Upon information and belief, defendants R. Neu and Dean are the trustees of Trust No. 2.

9.      Upon information and belief, defendant Eden Wood Realty, LLC is a limited liability company organized under the laws of the State of Delaware, with its principal place of business located at 47 Parsippany Road, Whippany, New Jersey 07981.

10.     Upon information and belief, defendant Neu Investment Corp. is a corporation organized under the laws of the State of California, with its principal place of business located at 250 N. Canon Drive, Beverly Hills, California 90210.

11.     Upon information and belief, defendant Allentown Commerce Park Corp. is a corporation organized under the laws of the State of Delaware, with its principal place of business located at 2027 South 12th Street, Allentown, Pennsylvania 18105.

12.     Upon information and belief, defendant River Park Business Center Inc. is a corporation organized under the laws of the State of Delaware, with its principal place of business located at 47 Parsippany Road, Whippany, New Jersey 07981.

13.     Upon information and belief, defendant River Park Residential Center LLC is a limited liability company organized under the laws of the State of Delaware, with its principal place of business located at 47 Parsippany Road, Whippany, New Jersey 07981.

14.     Upon information and belief, defendant River Park Technology Center Inc. is a corporation organized under the laws of the State of Delaware, with its principal place of business located at 47 Parsippany Road, Whippany, New Jersey 07981.

15.     Upon information and belief, defendant Eden Wood Properties Inc. is a corporation organized under the laws of the State of Delaware, with its principal place of business located at 47 Parsippany Road, Whippany, New Jersey 07981.

16.     Upon information and belief, defendant Eden Wood Corp. is a corporation organized under the laws of the State of Delaware, with its principal place of business located at 47 Parsippany Road, Whippany, New Jersey 07981.

17.     Upon information and belief, defendant Materials International Trading Corporation is a corporation organized under the laws of the State of Delaware, with its principal place of business located at 47 Parsippany Road, Whippany, New Jersey 07981.

18.     Upon information and belief, defendant 27E65 Corporation is a corporation organized under the laws of the State of Delaware, with its principal place of

4

business located at 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

19.     Upon information and belief, defendant Neu Holdings U.S. Corporation is a corporation organized under the laws of the State of Delaware, with its principal place of business located at 47 Parsippany Road, Whippany, New Jersey 07981.

20.     Upon information and belief, defendant Crossroads Business Center, LLC is a limited liability company organized under the laws of the State of New Jersey, with its principal place of business located at 47 Parsippany Road, Whippany, New Jersey 07981.

21.     Upon information and belief, defendant 143 South Mapleton LLC is a limited liability company organized under the laws of the State of California, with its principal place of business located at 47 Parsippany Road, Whippany, New Jersey 07981.

22.     Upon information and belief, defendant River Park Business Center LLC is a limited liability company organized under the laws of the State of Delaware, with its principal place of business located at 47 Parsippany Road, Whippany, New Jersey 07981.

23.     Defendants Eden Wood Realty, LLC; Neu Investment Corp.; Allentown Commerce Park Corp.; River Park Business Center Inc.; River Park Residential Center LLC; River Park Technology Center Inc.; Eden Wood Properties Inc.; Eden Wood Corp.; Materials International Trading Corporation; 27E65 Corporation; Neu Holdings U.S. Corporation; Crossroads Business Center, LLC; 143 South Mapleton LLC and River Park Business Center LLC are referred to collectively herein as the "Company Defendants."

## JURISDICTION AND VENUE

24.     Subject matter jurisdiction exists pursuant to 28 U.S.C. § 1335 because the complaint is in the nature of interpleader, Chase has in its custody or possession property of the value or amount of $500 or more, and two or more adverse claimants named as defendants are,

upon information and belief, of adverse citizenship.

25.     Venue is proper in this District pursuant to 28 U.S.C. § 1397 because at least one of the claimants resides in this District.

FACTUAL ALLEGATIONS

The Chase Accounts

26.     The Funds are held in the following accounts at Chase (collectively referred to hereafter as the "Chase Accounts"):

a.     Account Number ending in 8597, in the name of Eden Wood Realty, LLC, which account held, as of May 9, 2017, $61,001.95;

b.     Account Number ending in 8811, in the name of Eden Wood Realty, LLC, which account held, as of May 9, 2017, $600.00;

c.     Account Number ending in 1675, in the name of Eden Wood Realty, LLC, which account held, as of May 9, 2017, $223,573.84;

d.     Account Number ending in 8761, in the name of Neu Investment Corp., which account held, as of May 9, 2017, $15,926.59;

e.     Account Number ending in 8803, in the name of Neu Investment Corp., which account held, as of May 9, 2017, $92,210.43;

f.     Account Number ending in 8928, in the name of Neu Investment Corp., which account held, as of May 9, 2017, $33,326.55;

g.     Account Number ending in 8779, in the name of Allentown Commerce Park Corp., which account held, as of May 9, 2017, $36,332.58;

h.     Account Number ending in 8902, in the name of Allentown Commerce Park Corp., which account held, as of May 9, 2017, $150,459.19;

6

*i.*      Account Number ending in 8910, in the name of Allentown Commerce Park Corp., which account held, as of May 9, 2017, $228,825.46;

j.      Account Number ending in 8795, in the name of River Park Business Center Inc., which account held, as of May 9, 2017, $71,392.94;

k.      Account Number ending in 8894, in the name of River Park Business Center Inc., which account held, as of May 9, 2017, $142,480.72;

*l.*      Account Number ending in 8837, in the name of River Park Residential Center LLC, which account held, as of May 9, 2017, $110.00;

m.      Account Number ending in 8829, in the name of River Park Technology Center Inc., which account held, as of May 9, 2017, $185.00;

n.      Account Number ending in 3320, in the name of Eden Wood Properties Inc., which account held, as of May 9, 2017, $14,094.43;

o.      Account Number ending in 8936, in the name of Eden Wood Properties Inc., which account held, as of May 9, 2017, $12,430,103.24;

p.      Account Number ending in 8845, in the name of Eden Wood Corp., which account held, as of May 9, 2017, $61.42;

q.      Account Number ending in 4573, in the name of Materials International Trading Corporation, which account held, as of May 9, 2017, $255.00;

r.      Account Number ending in 5117, in the name of 27E65 Corporation, which account held, as of May 9, 2017, $14,529.72;

s.      Account Number ending in 5125, in the name of Neu Holdings U.S. Corporation, which account held, as of May 9, 2017, $24,786.20;

t.      Account Number ending in 1729, in the name of Neu Holdings U.S.

Corporation, which account held, as of May 9, 2017, $618,873.37; and

u.     Account Number ending in 3226, in the name of Crossroads Business

Center, LLC, which account held, as of May 9, 2017, $95,542.73.

The Deposit Account Agreement

27.     The Chase Accounts are governed by Chase's Deposit Account

Agreement (the "Deposit Agreement"), the most recent version of which issued on or about

March 12, 2017.  The Deposit Agreement provides that "by using any of our deposit account

services, you and anyone else identified as an owner of the account agree to the terms" of the

Agreement.

28.     Section I.2 of the Deposit Agreement provides that

If there are conflicting instructions or there is any dispute regarding your account,
[Chase] may take any action described in the following section or [Chase] may
place funds in a court (this is called an interpleader action) for resolution. If any
person notifies [Chase] of a dispute, [Chase does] not have to decide if the dispute
has merit before [Chase takes] further action. [Chase] may take these actions
without any liability and without advance notice, unless the law says otherwise.

29.     Among the actions authorized by the Deposit Agreement is the freezing of

the depositor's account.  Deposit Agreement, Section I.3.

The Dispute Regarding the Funds in the Chase Accounts

30.     Upon information and belief, the Neu Trusts are the ultimate beneficial

owners of defendant Neu Holdings U.S. Corporation, which is the direct or indirect owner of the

other Company Defendants.

31.     Upon information and belief, prior to April 6, 2017, A. Neu was an officer

of the Company Defendants and the authorized signatory on the Chase Accounts.

32.     Upon information and belief, on or about April 6, 2017, R. Neu and Dean,

as Trustees of the Neu Trusts, removed A. Neu from her positions with the Company Defendants

8

and sought to revoke her signature authority with respect to the Chase Accounts.

33.     Upon information and belief, on or about April 12, 2017, A. Neu filed

petitions in the Surrogate's Court of the State of New York, New York County, seeking to

remove R. Neu as trustee of the Neu Trusts and to have A. Neu appointed as Interim Trustee of

the Neu Trusts (together, the "New York Proceedings").

34.     By email dated April 12, 2017, A. Neu, by her counsel, notified Chase of

the filing of the New York Proceedings, and threatened legal action against Chase if Chase

followed R. Neu's directions on behalf of the Company Defendants. The email stated, among

other things,

> I have no legal right to ask you not take direction from Mr. Neu, and I am
> therefore not making that request. However, should you follow any of his
> directions or enter into any agreements with him on behalf of any company of
> which the Trusts are the ultimate owners, you do so at your own peril knowing
> that (a) there is a pending emergency request to the Court asking it to remove Mr.
> Neu as a Trustee or bar him from acting unilaterally, and (b) actions taken by Mr.
> Neu before the Court acts will be viewed by Ms. Neu as breaches of fiduciary
> duty by Mr. Neu in which you would be knowingly participating.

35.     By letter dated April 18, 2017, based upon A. Neu's notification to Chase,

Chase informed Dean (who on information and belief was acting for himself and R. Neu) and

counsel for A. Neu that Chase had frozen the Chase Accounts because of the existence of the

dispute concerning control of the Neu Trusts, and ultimately, the Chase Accounts.

36.     By email dated April 19, 2017, Dean, on behalf of R. Neu, asserted that R.

Neu retained control of the Company Defendants and Chase was therefore bound to honor R.

Neu's instructions with respect to the Company Defendants.

37.     On or about April 24, 2017, the Company Defendants commenced an

action against Chase in the Superior Court of New Jersey, Essex County, Chancery Division,

9

Docket No. ESX-C-91-17 (the "New Jersey Action"), seeking a temporary, preliminary and permanent injunction against Chase, compelling it to lift the freeze on the Chase Accounts and to recognize the persons designated by the Company Defendants as the persons with signature power with respect to the Chase Accounts. The Company Defendants' filing, however, did not address which persons could act on behalf of the companies.

38.     At the same time, the Company Defendants filed an order to show cause in the New Jersey Action, seeking a preliminary injunction compelling Chase to lift the freeze of the Chase Accounts and to recognize the persons designated by the Company Defendants as the persons with signature power with respect to the Chase Accounts. The Company Defendants' filing, however, did not address which persons could act on behalf of the companies.

39.     On or about April 25, 2017, A. Neu filed an affirmation of urgency in the New York Proceedings, requesting that her petitions be considered expeditiously, including, but not limited to, her request for interim relief, which sought a temporary restraining order against R. Neu prohibiting him from transferring monies from the Chase Accounts without A. Neu's written consent. In that affirmation, A. Neu asserted that an order in the New Jersey Action could moot her claims and that she could not advance them in the New Jersey Action.

40.     On or about April 26, 2017, the Company Defendants filed an amended complaint and order to show cause in the New Jersey Action, adding A. Neu as a defendant.

41.     On April 27, 2017, the Surrogate's Court in New York County issued orders to show cause in the New York Proceedings, directing R. Neu to show cause on June 2, 2017 why he should not be removed as trustee of the Neu Trusts. The orders to show cause in the New York Proceedings did not grant any interim relief.

42.     On April 28, 2017, the court in the New Jersey Action entered a temporary

10

restraining order (the "TRO") enjoining Chase from maintaining a freeze on the Chase Accounts, and requiring Chase to allow the Company Defendants to use the Chase Accounts "to pay their obligations incurred in the ordinary course of business, including, but not limited to, pay vendors and pay employee payroll and employee benefits." The TRO ordered that R. Neu had sole authority over the funds in the Chase Accounts and that A. Neu had no authority over the Chase Accounts. The TRO directed, however, that the Company Defendants not "make payment of any extraordinary expenses, transfers or payments not part of the [Company Defendants'] ordinary day to day operations."

43.     The TRO states that "[n]othing in this Order shall be construed to bar Chase from filing an interpleader action."

44.     While the New Jersey Court's TRO does not require Chase to monitor the Chase Accounts to determine whether specific transactions are ordinary course of business transactions, it does not immunize Chase from liability in the event R. Neu violates the terms of the temporary restraining order issued in the New Jersey Action- e.g., if Chase bankers honored R. Neu's  request to transfer a large sum of money which was not for ordinary course expenses.

45.     On or about May 8, 2017, R. Neu, requested Chase's assistance in effectuating the transfer of $10,000,000 from the account of defendant Eden Wood Realty LLC to the account of defendant Neu Holdings U.S. Corporation (the "Requested Transfer").

46.     The Requested Transfer did not appear to be a transfer in the ordinary course of either defendant's business.

47.     By letter dated May 9, 2017, Chase notified the New Jersey Court about the Requested Transfer.

48.     Having been put on notice of the Requested Transfer, Chase is forced to

11

choose between potential liability to A. Neu if it processes the Requested Transfer, or to the Company Defendants if Chase does not.

49.     Should R. Neu in the future fail to comply with the TRO, Chase has insufficient protection from liability under the TRO.

50.     Further, actions relating to control of the Chase Accounts are pending in two different courts and Chase may be subject to inconsistent rulings.

51.     Chase is ignorant of the respective rights of the Defendants and cannot determine, without hazard to it, to which of the claimants the Funds belong.

### FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS
(Statutory Interpleader Pursuant to 28 U.S.C. § 1335)

52.     Chase repeats and realleges each and every allegation set forth in paragraphs 1 through 51 of this Complaint to the same extent as if those allegations were set forth here in full.

53.     As set forth above, (i) A. Neu and (ii) R. Neu and Dean, on behalf of the Trusts and the Company Defendants, have each claimed a superior right to control the Funds.

54.     Chase has no claim to the Funds, but is unable to determine, without hazard to itself, which of the defendants is entitled to the funds, and has no means other than this action of protecting itself against the threat of multiple liability from defendants' claims.

55.     The TRO entered in the New Jersey Action does not insulate Chase from liability should R. Neu fail to comply with its terms by making a non-ordinary course transaction. Nor does the TRO protect Chase from an inconsistent ruling by the Surrogate's Court.

56.     In these circumstances Chase is entitled to interplead all parties who may have claims to or rights in the Funds and obtain a determination by the Court, pursuant to 28

U.S.C. § 1335, of the rights of the defendants and all interested parties with respect thereto; an order discharging it from liability upon its payment of the Funds in to the registry of the Clerk of the Court; and an order restraining and enjoining defendants from instituting or prosecuting any proceeding or application against Chase, in any jurisdiction, with respect to the Funds.

### SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS
(Injunction Pursuant to 28 U.S.C. § 2361)

57.     Chase repeats and realleges each and every allegation set forth in paragraphs 1 through 56 of this Complaint to the same extent as if those allegations were set forth here in full.

58.     By reason of the foregoing, Chase is entitled to injunctive relief, pursuant to 28 U.S.C. § 2361 and this Court's inherent powers, enjoining the defendants and any and all claimants to the Funds from instituting or prosecuting any proceeding or application that affects or may affect the Funds in any court of any state or the United States other than this Court. .

WHEREFORE, Chase demands judgment against the defendants as follows:

a.     Granting injunctive relief to Chase against defendants and other persons to the extent necessary to protect Chase from the risk of double or multiple liability or inconsistent rulings of different courts and the burden of having to participate in litigation in multiple tribunals concerning Defendants' competing claims to the Funds;

b.     Directing Chase to pay the Funds into the registry of the Clerk of the Court;

c.     Directing the Clerk of the Court to deposit the Funds in the registry of the Clerk of the Court to be held therein subject to further orders of the Court;

d.     Fully and finally discharging Chase from any and all further liability with respect to the Funds, and dismissing Chase from this action;

13

      e.     Resolving the defendants' respective rights to the Funds;

      f.     Awarding Chase its costs, attorneys' fees and any other liabilities incurred

by it in connection with bringing this action under 28 U.S.C. § 1335; and

      g.     Awarding such other or further relief as may be just and proper.

Dated:     Springfield, New Jersey
           May 15, 2017

**KRAEMER BURNS, P.A.**

By: _____
     David L. Menzel
     675 Morris Avenue
     Springfield, New Jersey 07081
     Telephone: 973-912-8700
     Fax: 973-912-8602

     Attorneys for Plaintiff
     JPMorgan Chase Bank, N.A.

     Of Counsel:
     LEVI LUBARSKY FEIGENBAUM
         & WEISS LLP
     655 Third Avenue, 27th Floor
     New York, New York 10017
     Telephone: 212-308-6100
     Fax: 212-308-8830

14