UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JPMORGAN CHASE BANK, N.A.,

*Plaintiff*,

v.

RICHARD W. NEU, et al.,

*Defendants*.

Civil Action No. 17-3475

**ORDER**

**John Michael Vazquez, U.S.D.J.**

For the reasons set forth in the Court's Memorandum Opinion accompanying this Order, and for good cause shown,

IT IS on this 24th day of May, 2017

**ORDERED** that Plaintiff's request for certain relief is **GRANTED** in part; and it is further

**ORDERED** that Plaintiff's request to deposit the Funds at issue into the Federal Registry is **GRANTED**. All of the funds in the accounts listed in Paragraph 26 of the Complaint, D.E. 1, shall be deposited by the Clerk of the Court into the Registry of this Court, and as soon as possible thereafter, the Clerk of the Court shall deposit these funds into the interest-bearing Court Registry Investment System (C.R.I.S.) administered by the Administrative Office of the United States Courts as Custodian, pursuant to L. Civ. R. 67.1(a)(2); and it is further

**ORDERED** that the sum of money so invested in the interest bearing C.R.I.S. fund shall remain on deposit until further order of this Court; and it is further

**ORDERED** that the Clerk shall deduct a fee for the handling of the funds, as authorized by the Judicial Conference of the United States and as set by the Director of the Administrative Office at equal to ten percent (10%) of the income earned for the deduction in the investment so held and without further order of the Court; and it is further

**ORDERED** that the Defendants must discuss in good faith the amount of ongoing, necessary, and ordinary business expenses that the entity Defendants should be entitled to have access to while the Funds are held in the C.R.I.S. The Court encourages the Defendants to agree to amount that will satisfy the entity Defendants' needs for several months. If the Defendants cannot agree to such an amount, Richard may seek relief from the Court on short notice to release such funds; and it is further

**ORDERED** that Plaintiff's request to stay the state court matters is **GRANTED**. The New York actions, which are currently pending before Surrogate's Court of the State of New York, County of New York, File No. 1985-0951[1]; and New Jersey action, *Neu Holdings U.S. Corp., et al. v. J.P. Morgan Chase Bank, N.A., et al.*, Superior Court of New Jersey, Essex County, Chancery Division, Docket No. ESX-C-91-17, are hereby stayed; and it is further

**ORDERED** that Defendants cannot institute any other proceeding that may affect the funds; and it is further

**ORDERED** that Defendants are directed to file an answer to the Complaint by June 1, 2017, including any cross-claims regarding the underlying substantive disputes; and it is further

---

[1] The New York action include: (1) *In re Amy Neu as Beneficiary of the Richard W. Neu Issue Trust, to Remove Richard W. Neu as Trustee, and for Related Relief*; (2) *In re Amy Neu as Beneficiary of the Richard W. Neu Issue Trust No. 1, to Remove Richard W. Neu as Trustee, and for Related Relief*; (3) *In re Amy Neu as Beneficiary of the Richard W. Neu Issue Trust No. 2, to Remove Richard W. Neu as Trustee, and for Related Relief*, and (4) *In re Petition of Amy Neu to Compel Richard W. Neu and Warren L. Dean to Account as Trustees of the Richard W. Neu Issue Trust*.

**ORDERED** that after the Defendants file their answers, the Court will (1) set a briefing schedule as to the second stage of this interpleader action; and (2) address, through an appropriate motion(s), Plaintiff's request to be discharged from any and all further liability with respect to the funds and for an award of costs, attorneys' fees and any other liabilities incurred in connection with bringing this action; and it is further

**ORDERED** that a certified copy of this Order shall be personally served upon the Clerk of the Court, Chief Deputy of Administration, Chief Deputy of Operations or Finance Manager.

_____
John Michael Vazquez, U.S.D.J.