Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JPMORGAN CHASE BANK, N.A.,

   *Plaintiff*,

v.

RICHARD W. NEU, et al.,

   *Defendants*.

Civil Action No. 17-3475

**OPINION**

**John Michael Vazquez, U.S.D.J.**

Presently before the Court are the following motions: (1) Defendant Warren L. Dean's motion to dismiss (D.E. 210); (2) the Richard Neu Defendants'[1] motion for judgment on the pleadings (D.E. 220); and (3) the Richard Neu Defendants' motion to dismiss Amy Neu's State-Law Crossclaims (D.E. 229). The Court reviewed the parties' submissions in support and in opposition[2] and decided the motions without oral argument pursuant to Fed. R. Civ. P. 78(b) and

---

[1] The Richard Neu Defendants consist of Richard W. Neu; the Richard W. Neu Trust; the Richard W. Neu Trust No. 1; the Richard Neu Trust No. 2 (collectively the "Neu Trusts"); Neu Holdings U.S. Corp.; Eden Wood Realty, LLC; Neu Investment Corp.; Allentown Commerce Park Corp.; River Park Business Center Inc.; River Park Business Center LLC; River Park Residential Center, LLC; River Park Technology Center Inc.; Eden Wood Properties Inc.; Eden Wood Corp.; Materials International Trading Corp.; 27E65 Corp.; Crossroads Business Center, LLC; and 143 South Mapelton LLC. Although not all of the Richard Neu Defendants join in both motions, the Court will refer to the entities as a whole for clarity throughout this Opinion.

[2] For purposes of this opinion, Dean's brief in support of his motion (D.E. 210-1) will be referred to as "Dean MTD Br."; Amy Neu's opposition (D.E. 225) will be referred to as "Dean MTD Opp."; and Dean's reply (D.E. 232) will be referred to as "Dean MTD Reply"; the Richard Neu Defendants' brief in support of their motion for judgment (D.E. 220-1) will be referred to as "MJOP Br."; Amy's opposition (D.E. 231) will be referred to as "MJOP Opp."; the Richard Neu

L. Civ. R. 78.1(b). For the reasons stated below, the Richard Neu Defendants' motions are **GRANTED**, and Dean's motion is **DENIED as moot**.

## I. BACKGROUND

JP Morgan Chase Bank, N.A. ("Chase") initially filed this statutory interpleader matter pursuant to 28 U.S.C. § 1335 because of competing claims from Richard and Amy Neu regarding the ownership of funds held in Chase bank accounts. D.E. 1. On May 24, 2017, the Court granted Chase's interpleader request, concluding that Chase had a legitimate fear of conflicting claims and potential liability due to state court actions filed by Richard in the Superior Court of New Jersey and Amy in the Surrogate's Court of New York. D.E. 43, 44. The Court ordered Chase to deposit the funds into the Federal Registry and stayed the pending state court actions. D.E. 44. After Chase deposited the funds into the Federal Registry, Chase was formally dismissed as a party from this action on November 3, 2017. D.E. 155.

The Richard Neu Defendants and Dean filed an Answer to the Complaint and the Richard Neu Defendants asserted crossclaims against Amy, Judd Burstein, and Judd Burstein, P.C. D.E. 46. Amy also answered the Complaint and asserted crossclaims against the Richard Neu Defendants and Dean. D.E. 48. The parties have subsequently amended their crossclaims; the operative crossclaims (the "Amended Crossclaims") were filed on January 28, 2019. D.E. 206, 207. The Richard Neu Defendants, Amy, Judd Burstein, and Judd Burstein, P.C., filed their respective answers and affirmative defenses on February 15, 2019. D.E. 211-13. Dean filed a

---

Defendants' reply (D.E. 233) will be referred to as the "MJOP Reply"; the Richard Neu Defendants' motion to dismiss (D.E. 229-1) will be referred to as "MTD Br."; Amy's opposition (D.E. 239) will be referred to as "MTD Opp."; and the Richard Neu Defendants' reply (D.E. 240) will be referred to as "MTD Reply".

motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). D.E. 210.

## II. MOTION FOR JUDGMENT ON THE PLEADINGS

### a. Legal Standards

As discussed, Chase initiated this statutory interpleader pursuant to 28 U.S.C. § 1335. "The general purpose of an interpleader action is to decide the validity and priority of existing claims to a res." *Domus, Inc. v. Davis-Giovinazzo Const. Co., Inc.*, No. 10-1654, 2011 WL 3666485, at *6 (E.D. Pa. Aug. 22, 2011). Actions brought pursuant to § 1335 are typically resolved in two steps. *NYLife Distribs., Inc. v. Adherence Grp., Inc.*, 72 F.3d 371, 375 (3d Cir. 1995). At the first step, a district court determines whether the statutory requirements have been met and whether the stakeholder can be relieved of liability. *Id.* at 375. As noted, this has already occurred. D.E. 43, 44. At the second step, the district court "actually adjudicates the defendants' adverse claims to interpleaded funds[,]" which results in "the entry of a judgment in favor of the claimant who is lawfully entitled to the stake." *NYLife Distribs., Inc.*, 72 F.3d at 375.

In this instance, the Richard Neu Defendants seek such a judgment through a motion for judgment on the pleadings. Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Thus, "Rule 12(c) permits an adjudication based purely on the allegations of the pleadings, the complaint and answer." *In re FleetBoston Corp. Sec. Litig.*, No. 02-4561, 2007 WL 4225832, at *17 (D.N.J. Nov. 28, 2007). Pleadings are "closed" after the complaint and answer are filed. *Horizon Healthcare Servs., Inc. v. Allied Nat'l Inc.*, No. 03-4098, 2007 WL 1101435, at *3 (D.N.J. Apr. 10, 2007). "Under Rule 12(c), judgment will not be granted unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment

3

as a matter of law." *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008) (quoting *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 290 (3d Cir. 1988)).

A Rule 12(c) motion based on the defense that a plaintiff fails to state a claim is governed by the same standard that applies in a motion to dismiss under Rule 12(b)(6). *Revell v. Port Auth. of N.Y. & N.J.*, 598 F.3d 128, 134 (3d Cir. 2010). Therefore, to withstand such a motion under Rule 12(c), a plaintiff must allege enough facts to "state a claim to relief that is plausible on its face." *In re Lipitor Antitrust Litig.*, 336 F. Supp. 3d 395, 406 (D.N.J. 2018). A complaint is plausible on its face when there is enough factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In evaluating the sufficiency of a complaint, a court must "accept all well-pleaded factual allegations . . . as true and draw all reasonable inferences in favor of the nonmoving party." *In re Lipitor Antitrust Litig.*, 336 F. Supp. 3d at 406. A court, however, is "not compelled to accept unwarranted inferences, unsupported conclusions[,] or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007) (citation omitted). As such, a Rule 12(c) motion should not be granted "unless it appears beyond doubt that the facts alleged in the complaint, even if true, fail to support the claim." *In re Lipitor Antitrust Litig.*, 336 F. Supp. 3d at 406.

Although it is not clearly stated in their motion, the Richard Neu Defendants appear to seek a judgment on the pleadings as to Count One of their Amended Crossclaims and Count Four of Amy's Amended Crossclaims. MJOP Br. at 2-3. Count One of the Richard Neu Crossclaims seeks "a declaratory judgment confirming that [the Richard Neu Defendants] possess the sole right to ownership and control of the Funds and enter an Order directing the release of the Funds . . . ." Richard Neu Defs' Am. Crossclaims ¶ 39, D.E. 206. Count Four of Amy's Amended Crossclaims

4

also seeks a declaratory judgment regarding control of the interpleaded funds. Amy Am. Crossclaims ¶¶ 147-57, D.E. 207. To grant declaratory relief, there must be "a substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maniscalco v. Brother Int'l Corp. (USA)*, 627 F. Supp. 2d 494, 504 (D.N.J. 2009) (quoting *Teva Pharms. USA, Inc. v. Novartis Pharms. Corp.*, 482 F.3d 1330, 1336 (Fed. Cir. 2007)). The fact that a substantial controversy exists is not disputed. Instead, Amy maintains that a declaratory judgment regarding ownership of the interpleaded funds is premature.

### b. Analysis

At the second stage of an interpleader action, courts "determine the rights of the parties *at the time the action was commenced.*" *Deutsche Bank Trust Co. Ams. v. Elliot Int'l, L.P.*, No. 09-5242, 2011 WL 2421297, at *3 (S.D.N.Y. June 6, 2011) (emphasis in original); *see also Avant Petroleum, Inc. v. Banque Paribas, BP*, 853 F.2d 140, 143 (2d Cir. 1988) ("The court will normally adjudicate the rights of the claimants *as of the time* the interpleader fund is deposited with the court." (emphasis added)); *Texaco, Inc. v. Ponsoldt*, 118 F.3d 1367, 1370 (9th Cir. 1997) (concluding "that a district court must normally determine the priority of claims in an interpleader action *as they existed at the time the action was initiated*" (emphasis added)). Accordingly, "[a] claim not existing at the time the fund was created thus could not take precedence over preexisting claims." *Avant Petroleum, Inc.*, 853 F.2d at 143.

*XL Specialty Insurance Company v. Lakian*, 243 F. Supp. 3d 434 (S.D.N.Y. 2017), is instructive. *XL Specialty* involved the remaining funds of an insurance policy that covered certain officers and directors of a financial services fund. *Id.* at 436-37. Two of the covered individuals were named in a civil suit that involved an alleged breach of their fiduciary duties, and the suit

was filed prior to the interpleader matter. *Id.* at 439-40. More than a year after the interpleader complaint was filed, an arbitration award from the civil suit was reduced to a judgment against the two individuals and in favor of Pangea Capital Managements, LLC. *Id.* at 439. At the second stage of the interpleader, the court determined that Pangea's claim to the interpleaded funds was barred as untimely because Pangea had no right to any of the funds when the interpleader action was filed and the funds were initially deposited with the court. *Id.* at 447 (concluding that when the interpleader was initiated Pangea only "had a contingent claim based on a pending unrelated lawsuit against an insured").

Amy is in a similar position to Pangea. The Richard Neu Defendants plead that as of May 15, 2017, the date that Chase commenced this action, they owned and controlled the Chase accounts that held the interpleaded funds and "Amy did not possess any right of ownership or control over the Funds." Richard Neu Defs' Am. Crossclaims ¶¶ 29-30. Amy does not deny these allegations. Answer to Richard Neu Defs' Am. Crossclaims ¶¶ 29-30, D.E. 211 (answering that the allegations amount to a legal conclusion to which no response is required). Moreover, Amy admits that on April 6, 2017, she was removed from her positions with the Neu companies (*id.* ¶¶ 22, 30).

Amy's Amended Crossclaims also fail to allege that she had an existing right to the interpleaded funds when this action started. Amy pleads that "[e]ach of the accounts from which the Interpleaded Funds came was in the name of either Neu Holdings, or a company that is controlled by Neu Holdings (Amy Am. Crossclaims ¶ 150) but that she was discharged from her positions with the Neu Companies on April 6, 2017 (*id.* ¶ 55). Amy further pleads that "[t]he Operational Trustee of the Trusts has sole authority to control Neu Holdings, which in turn, controls each of the companies that maintained the accounts from which the Interpleaded Funds

6

came." *Id.* ¶ 151. Richard is the presently the Operational Trustee. *Id.* ¶ 38. Thus, Amy fails to plead facts demonstrating that she had ownership or control over the relevant funds when this matter was commenced because, at the time, Amy no longer held any positions at any of the Neu Companies; the funds were held in the name of the Neu Companies; and Richard, as the Operational Trustee, was the only person with control over the funds.

Amy's claim for a declaratory judgment further supports a finding that she did not have control over the funds when this matter began. Amy maintains that she has been "irrevocably designated the successor Operational Trustee of the Trusts," and that when Richard is removed as the Operational Trustee, Amy will become the Trustee. *Id.* ¶ 152. Amy further pleads that she "has the right to the control the Interpleaded Funds because Richard *should be removed* as Operational Trustee of the Trusts, and, immediately upon his removal, Amy *will assume* control of the accounts from which the Interpleaded Funds came." *Id.* ¶ 154 (emphases added). When this matter was initiated, Amy's petitions to remove Richard as Operational Trustee were pending in Surrogate's Court (*id.* ¶ 1 n.1) and Amy has since asserted crossclaims in this matter to the same effect. But Amy is not currently the trustee, and she clearly was not when this case commenced. Richard remains the Operational Trustee.

Amy argues that the Richard Neu Defendants' motion should be denied because it is premised on an "incomplete reading of the law." MJOP Opp. at 12. Amy maintains that § 1335 "permits an interpleader action when two or more parties 'are claiming or may claim to be entitled to' the funds at issue." *Id.* (quoting 28 U.S.C. § 1335). Amy already raised this argument in her motion to dismiss the crossclaims and it was rejected. *See* Nov. 9, 2018 Oral Argument Transcript 12:5-13:1. As previously discussed, the "are claiming or may claim" language concerns the standard at the first step of a statutory interpleader action – whether to grant statutory interpleader

7

in the first instance. *See Avant Petroleum, Inc.*, 853 F.2d at 143 ("The inclusion in § 1335 of the phrase 'or may claim' is directed to the first stage of the proceeding and is designed to allow the stakeholder to invoke the interpleader form of action against a person who has not yet actually asserted his claim or whose claim has not been liquidated."). Amy provides no case law suggesting that this language also applies at the second stage. As discussed, at the second stage, a court "*actually adjudicates* the defendants' adverse claims to the interpleaded fund." *NYLife Distribs., Inc.*, 72 F.3d at 375. Accordingly, here, the fact that Richard *may* someday be removed as the Operational Trustee does not save Amy's case at the second stage.

Therefore, the Richard Neu Company Defendants sufficiently establish that they had control of the interpleaded funds at the time this case started. Accordingly, their motion for judgment on the pleadings is granted as to Count One of their Amended Crossclaims and Count Four of Amy's Amended Crossclaims. Because the Richard Neu Defendants' have control of the interpleaded funds, the funds shall be released from the Federal Registry to these Defendants.

### III. MOTION TO DISMISS THE STATE LAW CROSSCLAIMS

The Richard Neu Defendants also seek to dismiss the state law crossclaims that Amy asserted against them for, among other reasons, lack of subject matter jurisdiction pursuant to Rule 12(b)(1).[3] Pursuant to Federal Rule of Civil Procedure 12(h)(3), a complaint must be dismissed whenever the Court determines that it lacks subject matter jurisdiction. *Iwanowa v. Ford Motor Co.*, 67 F. Supp. 2d 424, 437 (D.N.J. 1999). Consequently, a Rule 12(b)(1) motion raising a lack of subject matter jurisdiction may be brought at any time. *Id.* at 437-38.

---

[3] Richard Neu Defendants "acknowledge that their crossclaims . . . should be dismissed along with Amy's state [c]laims if the Court grants" the Richard Neu Defendants' requested relief. MTD Br. at 5 n.3. Amy agrees with this position. MTD Opp. at 12 n.6. As a result, this opinion addresses all of the state-law crossclaims.

8

This Court was vested with original subject matter jurisdiction through § 1335, which provides federal district courts with jurisdiction over an interpleader action when there is "minimal diversity" between two or more adverse claimants, as defined by 28 U.S.C. § 1332, and if the amount in controversy is $500 or more. *Metro. Life Ins. Co. v. Price*, 501 F.3d 271, 275 (3d Cir. 2007); *see also* 28 U.S.C. § 1335(a). As discussed, this Court determined that the minimal diversity requirements were satisfied at the first stage, and after Chase deposited the contested funds into the Federal Registry, this Court had subject matter jurisdiction over the interpleader claims. D.E. 43, 44. The Court had supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a), over Amy and the Richard Neu Defendants' state-law crossclaims. Amy's state-law based crossclaims include claims pertaining to governance of the Neu Trusts (Counts One, Two and Three), a claim for an Accounting with respect to two of the Trusts (Count Five), and a claim for indemnity and an advancement of attorney's fee pursuant to the Operating Agreement of Defendant Eden Wood Realty, LLC (Count Six). Counts One, Two, Three, and Five arise under New York law and Count Six involves Delaware law. The Richard Neu Defendants also assert state-law based claims (Counts Two through Six) in their Amended Crossclaims alleging that Amy, Judd Burstein and Judd Burstein, P.C., misappropriated Neu Company funds.

Through the Richard Neu Defendants' motion for judgment on the pleadings, the Court determined that the Richard Neu Defendants control the interpleaded funds and that Amy has no present claim to the funds. Thus, the second stage of this statutory interpleader is resolved. *NYLife Distribs., Inc.*, 72 F.3d at 375 (explaining that the second stage is completed through "entry of a judgment in favor of the claimant who is lawfully entitled to the stake"). As a result, this Court no longer has original subject matter jurisdiction. *Id.*; *see also Amethyst Int'l, Inc. v. Duchess*, No.

13-4287, 2014 WL 683670, at *10 (D.N.J. Feb. 20, 2014) (finding that court lacked original subject matter jurisdiction over remaining claims after dismissal of interpleader counterclaim).

28 U.S.C. § 1367(c) gives district courts discretion to decline to hear state law claims they would otherwise have supplemental jurisdiction to entertain pursuant to § 1367(a). Specifically, § 1367(c)(3) provides that a "district court[] may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction." Thus, retaining supplemental jurisdiction is a matter of discretion. *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995). However, the Third Circuit determined that "where the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Id.* Additionally, while the determination is discretionary, "[t]he general approach is for a district court to . . . hold that supplemental jurisdiction should not be exercised where there is no longer any basis for original jurisdiction." *Shaffer v. Township of Franklin*, No. 09-347, 2010 WL 715349, at *1 (D.N.J. Mar. 1, 2010); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) (encouraging federal courts to avoid "[n]eedless decisions of state law"); *Markowitz v. Ne. Land Co.*, 906 F.2d 100, 106 (3d Cir. 1990) ("[T]he rule within this Circuit is that once all claims with an independent basis of federal jurisdiction have been dismissed the case no longer belongs in federal court.").

Under the present circumstances, dismissal of the state law claims is appropriate. The remaining claims rely solely on state law; no federal cause of action remains and the parties are not diverse. Further, Amy's claims, which largely address the control and administration of the Neu Trusts, involve complex legal issues that the Surrogate's Court is especially equipped to

10

handle. *See, e.g., Phillips v. Citibank, N.A.*, 252 F. Supp. 3d 289, 301 (S.D.N.Y. 2017) (concluding that abstention in favor of Surrogate's Court proceeding was appropriate in part because the complaint "relates exclusively 'to state law issues (i.e., trusts and estates law), which the Surrogate's court is better equipped to adjudicate'") (quoting *Durst v. Siegler*, No. 04-6981, 2005 WL 3358599, at *9 (S.D.N.Y. Dec. 7, 2005)); *Moser v. Pollin*, 294 F.3d 335, 345 (2d Cir. 2002) ("Expertise in this specialized inquiry falls squarely within the province of the Surrogate's Court, a forum that can offer full legal relief for either side as well as prior judicial experience with the decedent's estate in particular."). In fact, Amy originally asserted these claims in Surrogate's Court and issues regarding the Neu Trusts have already been litigated before the Surrogate's Court. *See* Amy's Brief in Response to Chase's Motion for Interpleader Relief at 10, D.E. 11 (arguing that this Court should refrain from hearing claims regarding administration of the Neu Trusts because the Surrogate's Court retained jurisdiction over Hugo Neu's estate).

Amy argues that this Court should retain jurisdiction because dismissal of her state law claims will "further delay" her "years-long effort" to protect current and future beneficiaries of the Neu Trusts. MTD Opp. at 9. This delay, however, is of Amy's own doing. When this Court initially granted Chase's request for interpleader, it stayed the pending state court matters, including Amy's Surrogate's Court action. D.E. 44. Amy subsequently made the strategic choice to "voluntarily discontinue[] the New York Proceedings without prejudice on June 2, 2017" and reassert the claims in this matter. Amy Am. Crossclaims ¶ 1 n.2. As a result, the Court gives little weight to Amy's argument that the Court should retain jurisdiction out of considerations of fairness.

Amy also argues that this Court should retain jurisdiction because of the significant resources that have already been expended in this matter. MTD Opp. at 9-10. While it is true that

11

the parties have filed and the Court has decided many motions in this matter, Amy recognizes that the case is still "technically at the pleading stage." *Id.* at 10. As for the extensive discovery that has occurred, the parties have only completed document discovery. Depositions have yet to occur, and there is no indication that documents produced during discovery could not be used in any state court litigation.

As a result, Amy fails to establish any affirmative justification to retain jurisdiction here. The state-law crossclaims, therefore, are dismissed.[4]

## IV. MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Dean seeks to dismiss Count Five of Amy's Amended Crossclaims, which asserts a claim for an accounting, for lack of personal jurisdiction. D.E. 210. Because Count Five is dismissed for lack of subject matter jurisdiction, Dean's motion is denied as moot.

## V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Richard Neu Defendants' motion for judgment on the pleadings (D.E. 220). Judgment is entered in favor of the Richard Neu Defendants and against Amy with respect to Count One of the Richard Neu Defendants' Amended Crossclaims and Count Four of Amy's Amended Crossclaims. The Richard Neu Defendants shall submit a

---

[4] The Richard Neu Defendants also seek judgment on the pleadings as to the state-law claims, arguing that they exceed the scope of permissible statutory interpleader crossclaims. MTD Br. at 11-18. "[P]ermission to join a claim does not of itself create federal jurisdiction over that claim." *Prudential Equity Grp., LLC v. Ajamie*, 524 F. Supp. 2d 473, 475 (S.D.N.Y. 2007) (noting that court must have subject matter jurisdiction over crossclaims that were joined pursuant to Rules 13 and 18 in interpleader matter); *see also Korrow v. Aaron's Inc.*, No. 10-6317, 2015 WL 7720491, at *6 (D.N.J. Nov. 30, 2015) ("A permissive counterclaim, on the other hand, requires a basis of federal jurisdiction independent of the opposing party's claim."). Because the Court declines to exercise supplemental jurisdiction over the state-law claims, it need not address the scope of the parties' crossclaims. Of course, if the Richard Neu Defendants are correct, then this court would lack subject matter jurisdiction over the crossclaims. In any event, the Court is not going to hear the crossclaims.

proposed form of Order for release and disbursement of the interpleaded funds from the Federal Registry within two (2) weeks. The Richard Neu Defendants' motion to dismiss the crossclaims (D.E. 229) is also **GRANTED**. Accordingly, the state law crossclaims asserted by all parties are dismissed for lack of subject matter jurisdiction. Warren Dean's motion to dismiss (D.E. 210) is **DENIED** as moot. An appropriate Order accompanies this Opinion.

Dated: September 26, 2019

John Michael Vazquez, U.S.D.J.